UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD JANDA,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>LAUREL HARRY, *et al*.<br><br>　　　　　Defendants. | CIVIL ACTION NO. 3:24-CV-01075<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff Ronald Janda ("Janda") alleges violations of the civil rights of himself and a putative class of other inmates at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas") and throughout the Pennsylvania Department of Corrections ("DOC") based on purportedly unconstitutional conditions of confinement and deliberate in difference of medical staff. (Doc. 22). After screening the amended complaint pursuant to 28 U.S.C. § 1915A, the Court will deny Janda's request to certify a class and dismiss his amended complaint without prejudice. Janda will be granted leave to file a second amended complaint that is limited to his individual claims.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Janda initiated this action by filing a complaint, which was received and docketed by the Court on July 1, 2024. (Doc. 1). Following payment of the filing fee, Janda filed an amended complaint. (Doc. 10; Doc. 22). The amended complaint appears to contain a litany of conditions of confinement claims against those in charge of the SCI-Dallas and DOC in general in addition to general complaints regarding the medical treatment provided inmates

in the DOC. (Doc. 22). This includes allegations of embezzling funds that were intended to improve conditions for DOC facilities and inadequate medical care. (Doc. 22). The court will now screen the amended complaint pursuant to 28 U.S.C. § 1915A.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters

2

of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &*

3

*Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

With these standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**III.    DISCUSSION**

Janda brings constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." *Kneipp*, 95 F.3d at 1204 (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The Court will first address Janda's request for class certification. To certify a class, a plaintiff must establish that:

    (1) the class is so numerous that joinder of all members is impracticable;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Class certification is clearly inappropriate in this case. "It is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009) (internal alterations omitted) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Once the allegations on behalf of the putative class are disregarded, Janda's amended complaint plainly fails to comply with Federal Rule of Civil Procedure 8, which requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Janda's complaint consists of a series of general statements about the conditions of confinement within SCI-Dallas, allegations of embezzlement by prior leaders within the DOC, and allegations of deliberate indifference and medical negligence by "underpaid, unqualified, evil medical staff," many of which appear to have only affected other members of the putative class rather than Janda. It is unclear from the complaint what conditions of confinement or medical deliberate indifference have personally affected Janda or how he was injured by the alleged actions. The Court will dismiss the complaint without prejudice and grant Janda leave to file a second amended complaint to allege the factual basis for his individual claims in a manner that complies with Rule 8.

## IV. CONCLUSION

The Court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. Janda will be granted leave to amend. An appropriate order shall issue.

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**
